UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MELANIE MARIE BERES,

        Plaintiff,

v.

        Case No. 25-cv-0043-bhl

DINA KEEVER-AGRAMA, et al,

        Defendants.

---

**SCREENING ORDER**

---

On January 10, 2025, Melanie Marie Beres, proceeding without an attorney, filed a "Complaint for Violation of Civil Rights, Negligence, Breach of Fiduciary Duty, Abuse of Power, Judicial Misconduct, False Arrest, Fraud, and Request for Original Jurisdiction under Article III of the U.S. Constitution." (ECF No. 1.) The complaint identifies eleven defendants, all of whom are alleged to have had some involvement in the arrests, prosecution, and detention of Beres in Florida for her apparent violation of a temporary restraining order. (*Id.*) The defendants include two Florida state court judges, two Florida prosecutors, the West Palm Beach Police Department, the Palm Beach County Jail, a West Palm Beach police officer, the Florida Department of Children and Families, Wellpath Holdings, Inc. (a contractor involved with the Jail), Beres's "estranged husband," her husband's lawyer, her own appointed counsel, and the State of Florida. (*Id.*) Beres invokes 42 U.S.C. §1983 and asserts claims for multiple constitutional violations and state law torts. Beres also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Beres's IFP motion and for the screening of her complaint.

**IFP MOTION**

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). Beres's IFP application includes information about her finances and is signed under penalty of perjury, satisfying the first IFP requirement. *See id.*; (ECF No. 2 at 4). As for her ability to pay the fee, Beres reports that she is not employed,

although she admits she receives $1,500 a month in temporary spousal support from a husband she is divorcing. (ECF No. 2 at 1–2.) She is uncertain of her husband's income and does not have access to his funds. (*Id.* at 2, 4.) Beres lists monthly expenses of $2,600 and reports owing $52,000 on a personal loan for divorce and living expenses. (*Id.* at 3.) She owns a 2005 Toyota Sierra, valued at $4,000, and a home, valued at $600,000, with $170,000 in equity. (*Id.*) She represents that she has no money in cash, checking, or savings and indicates she is unable to access her financial assets because of her ongoing divorce. (*Id.*) Based on Beres's application, the Court finds she is presently unable to pay the filing fee and will grant her IFP status.

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must also screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

Beres's complaint includes an array of allegations against Defendants for alleged violations of her constitutional rights in connection with a temporary restraining order (TRO). Beres claims the TRO was wrongfully issued against her at the request of her daughter, Raven Beres-Peterson in the 15th Judicial Circuit Court in West Palm Beach, Florida. (ECF No. 1 at 3.) She further alleges that she was wrongfully arrested for violating the restraining order by West Palm Beach Police Officer Joshua Ballestros, who also failed to read Beres her Miranda Rights. (*Id.* at 3–4.) She was then subjected to unspecified cruel and unusual punishment and "degrading" treatment at the Palm Beach County Jail, where she was put on suicide watch "without a proper evaluation" and "coerced into signing documents." (*Id.* at 4.) She accuses two prosecutors who handled her case of facilitating "illegal proceedings" against her. (*Id.*) She also accuses two Florida state court judges who presided over the proceedings of "judicial misconduct" and of violating her due process rights by denying her request to appear virtually and refusing to reschedule a court hearing. (*Id.*) When Beres did not appear for the hearing, the judge issued a warrant for her arrest, and Beres was then held in custody, which she contends violated her Sixth Amendment and due process rights. (*Id.*) Beres then complains that her attorney, Ade Griffin, failed to represent her properly by pressuring Beres to accept a plea agreement for violation of the restraining order. (*Id.* at 5.) The plea agreement required Beres to enroll in animal abuse courses and to sign a no contact order as to her minor son, adult daughters, and husband. (*Id.*) Beres identifies claims for breach of fiduciary duty, legal malpractice, vicarious liability, negligence, misrepresentation. (*Id.*) She also refers to violations of her Fourth, Fifth, and Sixth Amendment rights, false imprisonment, wrongful arrest, judicial misconduct, and abuse of power. (*Id*. at 6.)

Beres's conclusory allegations fail to state non-frivolous claims against any of the defendants. Moreover, even if a claim could be sifted out from her accusations, that claim has no relationship to the Eastern District of Wisconsin and should therefore be pursued in Florida, where her background allegations occurred. Among other problems, most of the named defendants cannot be sued for violations of federal law under Section 1983. Beres cannot pursue her claims

against the judges and prosecutors who presided over and led the state court proceedings against her because they are immune from liability for actions taken in their official roles. *Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012); *Imbler v. Pachtman*, 424 U.S. 409, 422–24 (1976). She cannot pursue federal claims against the West Palm Beach Police Department, the Palm Beach County Jail, the Florida Department of Children and Families, or the State of Florida because none are "persons" within the meaning of Section 1983. *Best v. City of Portland*, 554 F.3d 698, 698 n* (7th Cir. 2009); *see also Lapides v. Board of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002). And she cannot pursue Section 1983 claims against her ex-husband, his lawyer, or her own appointed counsel because none of them are state actors. 42 U.S.C. §1983; *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). While Officer Ballesteros might be an appropriate defendant if he personally violated Beres's rights, the complaint does not adequately allege any such violations. His alleged failure to read Beres her Miranda rights is not a constitutional violation. *Vega v. Tekoh*, 597 U.S. 134, 150 (2022). And Beres has not alleged sufficient facts to state a claim against Wellpath, which she contends was responsible for her treatment in the Jail. A Section 1983 claim requires personal involvement in specific conduct that violates the constitution, but Beres includes no specific allegations of any conduct by any particular Wellpath employee. *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Liability is personal. . . . Each defendant is entitled to know what he or she did that is asserted to be wrongful."). Finally, Beres names Robert Malove as a defendant in her caption, but includes no factual allegations against him. Many of Beres's claims are likely also barred by the *Rooker-Feldman* doctrine[1] or *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Under *Rooker-Feldman*, federal courts lack the power to hear cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Similarly, *Heck* precludes this Court from adjudicating a claim against someone charged and convicted of criminal activity, if a decision in that person's favor would "necessarily imply the invalidity of [her] conviction or sentence," unless and until the plaintiff shows that her "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." To

---

[1] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 482–86 (1983).

the extent Beres's claims suggest something improper with the state court prosecution against her, she needs to raise those issues in her state court criminal case or appeal the state court's rulings to the state appellate court.

Beres may be upset with the issuance of a TRO against her and her subsequent arrest for violating that TRO, but her factual allegations do not support federal claims against any of the defendants. And, again, even if she had a claim, it must be pursued in Florida, where the events took place, not Wisconsin. The Court is sympathetic to the fact that Beres appears to be facing personal difficulties, including an impending divorce, but personal troubles do not create a federal cause of action.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citing *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994)). Because Beres has no non-frivolous claims against any of the named defendants that can be pursued in federal court in Wisconsin, the Court will dismiss her case without leave to amend.[2]

## CONCLUSION

**IT IS HEREBY ORDERED** that Beres's complaint, ECF No. 1, is **DISMISSED**.

**IT IS FURTHER ORDERED** that Beres's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Beres's motion to e-file, ECF No. 5, is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Beres's motion to seal, ECF No. 11, is **DENIED.**

Dated at Milwaukee, Wisconsin on January 28, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[2] On January 10, 2025, Beres filed two additional motions: a motion to grant her e-filing privileges and a motion to seal. (ECF Nos. 5 & 11.) Her motion to e-file, ECF No. 5, is denied as moot. Her motion to seal, ECF No. 11, will be denied because she has not satisfied the high bar for sealing. Federal pleadings and lawsuits are public proceedings. *See Baxter Intern., Inc. v. Abbott Laby's*, 297 F.3d 544, 545 (7th Cir. 2002) ("[D]ocuments . . . that influence or underpin the judicial decision are open to the public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality."). A motion to seal even portions of pleadings will only be granted only upon a showing of good cause. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944–45 (7th Cir. 1999). Beres's summary claim that the nature of the allegations and her constitutional rights require the case be sealed, (ECF No. 11 at 1), comes nowhere close to satisfying the good cause standard.